In the Matter of the Application of THE BOARD OF EDUCATION by the Corporation Counsel of the City of New York, Relative to Acquiring Title by the City of New York to Certain Lands Situated on Westerly Side of Havemeyer Street, North Sixth and North Seventh Streets in the 14th Ward of the Borough of Brooklyn, in the City of New York, Duly Selected and Approved as a Site for School Purposes under and in Pursuance of the Provisions of Chapter 378 of the Laws of 1897 and the Various Statutes Amendatory Thereof and Other Statutes Relating Thereto. In the Matter of the Petition of JOHN I. O'NEILL, FLORENCE HUNTINGTON JONES, WALTER B. EAGER and LAURA B. C. EAGER for Payment of the Award Made for Damage Parcel No. 5. THE CITY OF NEW YORK, Respondent; JOHN I. O'NEILL and Others, Appellants.— Proceeding brought for the condemnation of real property located in the former city of Brooklyn, whose successor in interest is the city of New York. Title to the property condemned duly vested in the city of Brooklyn on April 17, 1902. An award of $3,300 to " Unknown Owner " for the taking of damage parcel 5 therein was duly made and was duly confirmed by order entered December 9, 1902. That award should have been paid into court (Greater New York Charter, § 1439), but never was so paid; and, concededly, it has been increased considerably, therefore, by the running of interest thereon. The petitioners, claiming in the right of one James Eager, who held a duly recorded deed of the property now known as Damage Parcel No. 5, and which deed bore date February 25, 1869, and was executed by one Louisa M. Stenton, made application herein for the payment of the award and interest, less certain taxes and interest thereon only to the date of vesting, which taxes and interest only petitioners conceded were payable to the city therefrom. The city, however, claimed to be entitled to such taxes, statutory interest thereon to the date of vesting, and lawful interest from that date to the date of payment. This petitioners disputed. After a hearing, an order of the Special Term was duly made, in effect (1) denying the application of the petitioners, without prejudice to a renewal thereof upon due notice to the heirs of Louisa M. Stenton,

deceased; (2) denying the city's claim to the entire award under a certain tax deed of 1912; and (3) directing, in the third decretal paragraph thereof, the payment by the Comptroller of the city to its treasurer of the award of $3,300 for Damage Parcel No. 5, together with lawful interest thereon, certain sums, as in the order specified, for taxes and assessments, with lawful interest thereon to the date of vesting and with lawful interest thereafter to the date of payment. From that order, except as to clause (2) *supra*, petitioners appeal. Order modified on the law and the facts by striking (a) from subdivision 1 of the third decretal paragraph the words " with lawful interest on such total sum found to be due, from April 17, 1902, to the date of payment;" (b) from subdivision 2 thereof the words " thereafter lawful interest shall be added to the total amount from April 17, 1902, to the date of payment," and (c) from subdivision 3 thereof the words " to the date of payment," substituting for the same in said subdivision 3 the words " to that vesting date." As so modified, the order, in so far as appealed from, is affirmed, without costs, and the proceeding is remitted to the Special Term to take proof and determine, after due notice to the heirs of Louisa M. Stenton, the rights of the city, the appellants and the heirs thus to be joined, in the balance of the award and accrued interest. The appellants concede, and we agree, that the learned Special Term was right in so far as it directed, in effect, immediate payment to the city from the award and accrued interest of tax and assessment items, liens on the damage parcel as of the date of vesting title, April 17, 1902, with lawful interest on those items to that vesting date. We are of opinion, however, that the court, in the absence of the heirs of Louisa M. Stenton, as parties to the proceeding, erred in directing payment to the city of interest on those items of taxes and assessments, accruing subsequent to April 17, 1902, to the date of payment. We express no opinion as to the rights of the city, the appellants and the heirs mentioned, in the balance of the award and interest. We leave that question open, to be determined on the further hearing, after those heirs shall have been brought into the proceeding on notice. Lazansky, P. J., Adel, Taylor and Close, JJ., concur; Hagarty, J., dissents and votes to affirm the order without modification.